IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JASON VEACH,** | 3:17-cv-00729-BR |
|     **Plaintiff,** | OPINION AND ORDER |
| **v.** | |
| **COMMISSIONER, Social Security Administration,**[1] | |
|     **Defendant.** | |

**JOHN E. HAAPALA, JR.**
401 E. 10th Ave.
Eugene, OR 97401
(541) 345-8474

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration ended on November 17, 2017, and a new Commissioner has not been appointed.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3858

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Jason Veach seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.[2] This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his initial application for DIB

---

[2] Although Plaintiff alleged a claim for review of the denial of Supplemental Social Security Benefits (SSI) in his Complaint, the record does not reflect a claim for such benefits. The Court, therefore, disregards any claim related to SSI benefits.

2 - OPINION AND ORDER

benefits on December 14, 2012. Tr. 31, 187.[3] Plaintiff alleged a disability onset date of February 2, 2012. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 6, 2015. Tr. 51-77. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On May 22, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 31-45.

On June 24, 2015, Plaintiff requested review by the Appeals Council. Tr. 24.

On September 16, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 11-14. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 3, 2016, Plaintiff requested an extension of time to file a civil action.

On March 2, 2017, the Appeals Council extended the time to file a civil action for 30 days. Tr. 1-2.

On March 31, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[3] Citations to the official transcript of record filed by the Commissioner on September 7, 2017, are referred to as "Tr."

3 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on January 24, 1979. Tr. 43. Plaintiff was 36 years old at the time of the hearing. Plaintiff has a high-school education and two years of college. Tr. 72. The ALJ found Plaintiff has past relevant work as a computer sales representative. Tr. 43.

Plaintiff alleges disability due to a right-knee injury, ruptures in his neck, degenerative disc disease of the lumbar spine with disc herniation, obesity, and two hernias with radial myopathy. Tr. 218.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 35-42.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings

if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

6 - OPINION AND ORDER

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of

a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 2, 2012, the alleged date of onset.  Tr. 33.

At Step Two the ALJ found Plaintiff has the severe impairments of "status-post right knee surgery, degenerative disk disease of the cervical spine (status-post fusion), degenerative disk disease of the lumbar spine with disk herniation, and obesity."  Tr. 33.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 34.  The ALJ found Plaintiff has the RFC to perform sedentary work.  The ALJ also found Plaintiff requires a sit/stand option that allows him to alternate sitting and standing positions throughout the day.  The ALJ also found Plaintiff can frequently climb ramps or stairs, frequently stoop, and occasionally kneel and crouch.  The ALJ found Plaintiff cannot climb ladders, ropes, or scaffold; cannot crawl; can

occasionally push and pull with both arms; cannot reach overhead or above shoulder level; must avoid concentrated exposure to nonweather-related extreme cold; and must avoid exposure to excessive vibration, unprotected heights, and hazardous machinery. Tr. 35.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work. Tr. 43.

At Step Five the ALJ found, based on Plaintiff's age, education, work experience, and RFC, that Plaintiff could also perform other work in the national economy. Tr. 43-44. The ALJ cited three examples of such work that were identified by the VE: call-out operator, charge-account clerk, and semiconductor bonder. Tr. 44. Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 44-45.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to make specific findings at Step Three, (2) improperly evaluated the medical evidence, (3) improperly discounted Plaintiff's symptom testimony, and (4) improperly discounted the lay-witness statements of Fawn Veach, Plaintiff's wife.[4]

---

[4] Although Plaintiff asserted the ALJ improperly discounted the lay-witness statement of Fawn Veach, his Opening Brief did not address this issue. The Court, therefore, disregards this issue.

**I.   The ALJ failed to make specific findings at Step Three.**

Plaintiff contends the ALJ erred when he failed to make specific findings at Step Three to support his determination that Plaintiff's impairments do not meet or equal a listed impairment.

**A.   The Law**

At Step Three the ALJ must determine whether Plaintiff's severe impairments meet or equal one of the listed impairments sufficient to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

Plaintiff has the burden to prove that his impairments meet or equal a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "Listing impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013)(citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). "Listing impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Kennedy*, 738 F.3d at 1176.

A claimant's impairment is not considered to be a listed impairment in Appendix I based solely on a diagnosis. 20 C.F.R. § 404.1525(d). An impairment meets a listed condition "only when it manifests the specific findings described in the

10 - OPINION AND ORDER

set of medical criteria for that listed impairment." 20 C.F.R. § 404.1525(d). *See also* SSR 83-19. Alternatively, an impairment equals a listing "if the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526.

**B. Analysis**

The ALJ noted the requirements of Listing 1.04 for spine disorders and concluded Plaintiff's cervical and lumbar-spine impairments do not meet or medically equal the Listing because "[t]he medical evidence of record does not reveal findings consistent with the listing 1.04 criteria." Tr. 35. The ALJ did not give any further explanation or analysis to support his determination.

In *Marcia v. Sullivan* the Ninth Circuit ruled when "determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." 900 F.2d 172, 176 (9th Cir. 1990). *See also Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013). In *Marcia* the ALJ merely concluded the plaintiff "failed to provide evidence of medically determinable impairments that meet or equal the Listings." The court determined the ALJ's finding was "insufficient" to show that the ALJ actually considered equivalence. *Marcia*, 900 F.2d at 176.

11 - OPINION AND ORDER

Here the ALJ found at Step Two that Plaintiff has severe impairments of degenerative disk disease of the cervical and lumbar spine.  At Step Three the ALJ concluded Plaintiff's severe impairments do not meet or equal the listing impairment.  The ALJ, however, did not provide any explanation or evaluation to show Plaintiff's impairments or combination of impairments do not meet or equal the listing impairment as required under *Marcia*.

The Commissioner contends any error in this regard was harmless because the ALJ accounted for Plaintiff's severe impairments of degenerative disk disease of the cervical and lumbar spine in his assessment of Plaintiff's RFC.

As noted, however, at Step Three a determination that a claimant has an impairment or combination of impairments that meet or medically equal the requirements of listed impairments would result in a finding of disability without further sequential analysis.  Thus, the harm to Plaintiff in this case is that the ALJ found Plaintiff is not disabled without providing a sufficient explanation at Step Three.

On this record the Court concludes the ALJ erred at Step Three by failing to provide a sufficient explanation to show that Plaintiff's impairments or combination of impairments do not meet or medically equal a listed impairment.  The Court finds the ALJ's error is not harmless under *Marcia* and, accordingly,

12 - OPINION AND ORDER

remands this matter for further proceedings on this issue.

Inasmuch as resolution of this issue on remand may affect the overall determination of Plaintiff's disability claim, the Court need not address Plaintiff's other assignments of error.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of March, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge