IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GREGORY M. CORREIA,**                          3:17-cv-00729-BR

       **Plaintiff,**                         **OPINION AND ORDER**

**v.**

**COMMISSIONER OF SOCIAL
SECURITY,**[1]

       **Defendant.**

**JOHN E. HAAPALA, JR.**
401 E. 10th Ave.
Eugene, OR 97401
(541) 345-8474

       Attorney for Plaintiff

---

[1] The official title of the head of the Social Security Administration (SSA) is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to Defendant only as Commissioner of Social Security.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Gregory M. Correia seeks judicial review of the decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

For the reasons that follow, the Court **DISMISSES** this action for lack of subject-matter jurisdiction.

## ADMINISTRATIVE HISTORY

### I.  Prior Administrative History

Plaintiff protectively filed his initial application for DIB

2 - OPINION AND ORDER

benefits on December 20, 2010. Tr. 16, 145.[2] Plaintiff alleged a disability onset date of November 28, 2006. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on March 15, 2013. Tr. 30-61. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On May 1, 2013, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 16-24. On June 6, 2013, Plaintiff requested review by the Appeals Council of that determination. Tr. 12. On February 10, 2014, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 11, 2014, Plaintiff filed a Complaint in this Court for review of the Commissioner's decision.

On April 20, 2015, this court (Judge Malcolm F. Marsh) reversed the Commissioner's decision and remanded the case for further administrative proceedings. Tr. 401-28.

## II. Current Administrative History

On June 30, 2015, following remand by this Court, the Appeals Council vacated the decision of the Commissioner and

---

[2] Citations to the official transcript of record filed by the Commissioner on October 12, 2017, are referred to as "Tr."

3 - OPINION AND ORDER

remanded this case to the ALJ for further proceedings.  Tr. 432.

On August 13, 2016, the ALJ held further proceedings on Plaintiff's application.  Tr. 340-69.  Plaintiff and a VE testified.  Plaintiff was represented by an attorney at the hearing.

On March 29, 2017, the ALJ issued an opinion in which she again found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 323-33.  Plaintiff did not appeal the ALJ's decision to the Appeals Council.

On May 9, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

On March 15, 2018, the Court issued an Order (#18) directing the parties to file a joint status report no later than March 23, 2018, as to whether "this Court has jurisdiction to review the ALJ's decision" and to cite authorities and evidence in the record to support their positions.

On March 20, 2018, the parties filed a Joint Status Report (#22) in which they acknowledge Plaintiff's Complaint was filed while the Appeals Council still had jurisdiction over this matter pursuant to 20 C.F.R. § 404.900(a)(5).  The parties, however, take the position that "despite the [C]omplaint being filed prior to the expiration of sixty days, since no exception was taken to

the filing of that [C]omplaint, [] jurisdiction vested in this court on the sixty-first day after the decision, on May 27, 2017."

## **STANDARDS**

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Int'l v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). "[District courts] are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 544 U.S. 280, 289 (2005).

In Social Security cases the Court has jurisdiction to review the "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g). The decision of the Commissioner becomes a "final decision" when the Appeals Council issues a decision on review or denies review. 20 C.F.R. §§ 404.955, 404.981. *See also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

In other words, a claimant must obtain a final decision, which requires a claimant to exhaust his administrative remedies. *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). *See also Lopes v. Astrue*, 277 F. App'x 757, 760 (9th Cir. 2008).

## **DISCUSSION**

As noted, the district court remanded this matter on April 20, 2015, for further administrative proceedings. When a federal court remands a case for further consideration, the Appeals Council may make a decision or may remand the case to an ALJ for determination. 20 C.F.R. § 404.983.

On June 30, 2015, the Appeals Council vacated the "prior decision" and remanded the case to the ALJ for further hearing pursuant to 20 C.F.R. § 404.977. On August 13, 2016, the ALJ held a hearing on remand. On March 29, 2017, the ALJ issued her decision and again found Plaintiff is not disabled and is not entitled to benefits. When the ALJ issues a decision on remand, the claimant may file exceptions to the ALJ's decision within 30 days (*i.e.,* appeal the ALJ's decision). 20 C.F.R. § 404.984(b). Even if the claimant does not appeal the ALJ's decision, the Appeals Council may assume jurisdiction of the matter within 60 days of the ALJ's decision. 20 C.F.R. § 404.984(c).

In this case the parties concede Plaintiff did not file exceptions to the ALJ's decision within 30 days and the Appeals Council did not assume jurisdiction within 60 days. When a claimant does not file exceptions to the ALJ's decision and the Appeals Council does not assume jurisdiction, the ALJ's decision becomes the "final decision" sixty days from the ALJ's decision. 20 C.F.R. § 404.985(d). Accordingly, the ALJ's decision did not become the "final decision" of the Commissioner until May 29, 2017.[3]

As noted, Plaintiff's Complaint was filed May 6, 2017, which is prior to the date the decision by the Commissioner became a "final decision."

Although the parties do not challenge this Court's authority to resolve their dispute, this Court must determine whether it has subject-matter jurisdiction before addressing the merits of Plaintiff's Complaint. *Hawaii v. Trump*, 878 F.3d 662, 680 (9th Cir. 2017)(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). The Court presumes it lacks jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, n.3 (2006).

---

[3] Although the parties state in their Joint Status Report that jurisdiction vested in this Court on May 27, 2017, the 60 days for the Appeals Council to assume jurisdiction of this matter actually expired on May 29, 2017.

On this record the Court concludes the Commissioner's decision was not "final" and the Court did not have subject-matter jurisdiction at the time that Plaintiff filed his Complaint. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's Complaint **without prejudice**.

IT IS SO ORDERED.

DATED this 19th day of April, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge